IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 19cr81-WJ |
| | ) | |
| vs. | ) | |
| | ) | |
| **KENDON GOSSETT**, | ) | |
| | ) | |
| Defendant. | ) | |

## PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

Defendant Kendon Gossett, by and through his attorney Samuel L. Winder, and the

United States hereby submit the following joint proposed jury instructions, anticipating that

modifications, additions and so forth may be indicated during the course of trial:

1.  Preliminary Instruction, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.01 (2011) (modified)

2.  Note-taking By Jurors, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.02 (2011) (alternative B)

3.  Introduction to Final Instructions, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.03 (2011)

4.  Indictment

5.  Duty to Follow Instructions, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.04 (2011)

6.  Presumption of Innocence—Burden of Proof—Reasonable Doubt, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.05 (2011)

7.  Evidence—Defined, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.06 (2011)

8.  Evidence—Direct and Circumstantial—Inferences, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.07 (2011)

9.    Credibility of Witnesses, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.08 (2011)

10.   On or About, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.18 (2011) (modified)

11.   Caution—Consider Only Crime Charged, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.19 (2011) (modified)

12.   Investigative Techniques, *United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014)

13.   CautionBPunishment, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.20 (2011)

14.   Interstate Transmission of Threatening Communication, Tenth Circuit Crim. Pattern Jury Instructions, No. 2.37.1 (2011) (Updated February 2018)

15.   Knowingly—Deliberate Ignorance, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.37 (2011) (modified)

16.   Stipulation

17.   Duty to Deliberate—Verdict Form, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.23 (2011)

18.   Communication with the Court, Tenth Circuit Crim. Pattern Jury Instructions, No. 1.44 (2011)

19.   Verdict Form

Respectfully submitted,

ROMERO & WINDER, P.C.

/s/
SAMUEL L. WINDER, ESQ.
Attorney for Defendant Kendon Gossett
1905 Lomas Blvd., NW
Albuquerque, NM    87104
(505) 843-9776

-and-

JOHN C. ANDERSON
United States Attorney

/s/
HOWARD R. THOMAS
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico    87103
(505) 346-7274

I HEREBY CERTIFY that I electronically filed
the foregoing using the CM/ECF system.

/s/
SAMUEL L. WINDER
Attorney for Defendant Kendon Gossett

REQUESTED JURY INSTRUCTION NO. ___1___

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.    I will sometimes refer to the government as the prosecution.    The government is represented by Assistant United States Attorney Howard Thomas. The defendant, Kendon Gossett, is represented by his attorney, Samuel Winder. The indictment charges the defendant with interstate transmission of threatening communications.

The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of guilt or anything else. The defendant pleaded not guilty and is presumed innocent. He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make an opening statement. [Change if the defendant reserves his statement until later or omit if the defendant has decided not to make an opening statement.]

Evidence will be presented from which you will have to determine the facts. The

evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendant's lawyer may [make an opening statement and] present evidence, but he is not required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide

what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

[The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.]

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

**[Insert Instruction 1.2 here if material on note-taking by jurors is desired. The United States requests that Alternative B be given]**

**[Insert discussion of the elements of the offense here if they are to be set out for the jury in the preliminary instruction. The United States requests that the following elements instruction be given here]**

The defendant is charged with a violation of 18 U.S.C. section 875(c).

This law makes it a crime to transmit in interstate or foreign commerce a threatening communication to kidnap or injure another person.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly transmitted a communication containing a threat to injure the person of another;

*Second*: the defendant transmitted the communication with the intent to make a threat, or with knowledge that the communication will be viewed as a threat; and

*Third*: the communication was transmitted in interstate or foreign commerce.

A "threat" is a serious statement expressing intent to instill fear, which, under the circumstances, would cause apprehension in a reasonable person, as distinguished from mere political argument, idle talk, exaggeration, or something said in a joking manner. It is not necessary that the defendant intended to or had the ability to carry out the threat.

[Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict.   However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case.   In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers.   If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.]

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions

on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you shouldn't attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Thomas, you may present the opening statement for the government.

<u>10th Cir. Pattern Jury Instructions</u> (2011) §1.1 (modified); <u>10th Cir. Pattern Jury Instructions</u> (2011) § 2.37.1; <u>10th Cir. Pattern Jury Instructions</u> (2011) § 1.2

REQUESTED JURY INSTRUCTION NO.   2  

**ALTERNATIVE B**

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

10th Cir. Pattern Jury Instructions (2011) § 1.02

REQUESTED JURY INSTRUCTION NO. ___3___

Members of the Jury:


In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.


10th Cir. Pattern Jury Instructions (2011) § 1.03

REQUESTED JURY INSTRUCTION NO.  ___4___

The defendant is on trial before you upon an indictment brought by the grand jury charging:

On or about November 17, 2018, in Santa Fe County, in the District of New Mexico, the defendant, **KENDON GOSSETT**, transmitted in interstate and foreign commerce communications containing a threat to injure the person of another.

In violation of 18 U.S.C. § 875(c).

REQUESTED JURY INSTRUCTION NO. ___5___

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

10th Cir. Pattern Jury Instructions (2011) § 1.04

REQUESTED JURY INSTRUCTION NO. ___6___

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crimes charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

10th Cir. Pattern Jury Instructions (2011) § 1.05

REQUESTED JURY INSTRUCTION NO. ___7___

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

10th Cir. Pattern Jury Instructions (2011) § 1.06

REQUESTED JURY INSTRUCTION NO. ___8___

[There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.]

[As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.]

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

10th Cir. Pattern Jury Instructions (2011) § 1.07

REQUESTED JURY INSTRUCTION NO. __9__

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection— like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated

in the same way as that of any other witness.]

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

10th Cir. Pattern Jury Instructions (2011) § 1.08

REQUESTED JURY INSTRUCTION NO. ___10___

You will note that the indictment charges that the crime was committed on or about November 17, 2018. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near on or about November 17, 2018.

10th Cir. Pattern Jury Instructions (2011) § 1.18 (modified)

REQUESTED JURY INSTRUCTION NO.   11

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others or whether the defendant is guilty of any other crime should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

10th Cir. Pattern Jury Instructions (2011) § 1.19 (modified)

REQUESTED INSTRUCTION NO. ___12___

You have heard testimony as to the manner in which the government conducted its investigation in this case including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used. In attempting to prove its case, the government is under no obligation to use all of the investigative methods that are available to it or use any particular method. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the defendant's guilt.

*United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014).

REQUESTED INSTRUCTION NO. ____13____

      If you find the defendant guilty, it will be my duty to decide what the punishment will be.

You should not discuss or consider the possible punishment in any way while deciding your

verdict.


10th Cir. Pattern Jury Instructions (2011) § 1.20

REQUESTED INSTRUCTION NO.  14

The defendant is charged with a violation of 18 U.S.C. section 875(c).

This law makes it a crime to transmit in interstate or foreign commerce a threatening communication to kidnap or injure another person.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly transmitted a communication containing a threat to injure the person of another;

*Second*: the defendant transmitted the communication with the intent to make a threat, or with knowledge that the communication will be viewed as a threat; and

*Third*: the communication was transmitted in interstate or foreign commerce.

A "threat" is a serious statement expressing intent to instill fear, which, under the circumstances, would cause apprehension in a reasonable person, as distinguished from mere political argument, idle talk, exaggeration, or something said in a joking manner. It is not necessary that the defendant intended to or had the ability to carry out the threat.

Tenth Cir. Pattern Jury Instructions (2011) (updated 2018) § 2.37.1.

REQUESTED INSTRUCTION NO. __15__

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of a fact, unless the defendant did not actually believe the fact.

10th Cir. Criminal Pattern Jury Instruction (2011) § 1.37 (modified)

REQUESTED INSTRUCTION NO. ___16___

The parties have entered into a Stipulation. The Stipulation has been admitted into evidence as Government's Exhibit 5. The Stipulation states:

1.   That Government's Exhibits 1 through 4 are true and correct copies of postings made by the defendant, Kendon Gossett, on Facebook on November 17, 2018, while he was in Santa Fe County, in the District of New Mexico.

2.   That the defendant transmitted these communications by publicly posting them on his Facebook account.

3.   That Facebook operates and sends and receives communications both interstate and in other countries, and therefore the defendant's postings were transmitted in interstate and foreign commerce.

You are instructed that these stipulated facts are proved by the United States beyond a reasonable doubt.

REQUESTED INSTRUCTION NO. ___17___

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. [The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.]

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on the single count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

The foreperson will write the unanimous answer of the jury in the space provided for the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

10th Cir. Pattern Jury Instructions (2011) § 1.23

REQUESTED INSTRUCTION NO.    18

　　　If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to [the marshal] [the bailiff] [my law clerk], who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

　　　Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial and sentencing proceedings, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

10th Cir. Criminal Pattern Jury Instruction (2011) § 1.44

REQUESTED JURY INSTRUCTION NO.   19   - VERDICT FORM


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,     )
     )
     Plaintiff,     )     19cr81-WJ
     )
     )
     vs.     )
     )
**KENDON GOSSETT**,     )
     )
     Defendant.     )

## **V E R D I C T**


WE, THE JURY, find the defendant, KENDON GOSSETT,


_____ of transmitting in interstate and foreign
(not guilty or guilty)

commerce communications containing a threat to injure the person of another, as charged in the

indictment.



DATED this _____day of _____, 2019.



_____
FOREPERSON