# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

———————————————

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                        No. 1:19-cr-00081 WJ

KENDON GOSSETT,

     Defendant.

## MEMORANDUM OPINION AND ORDER DENYING GOVERNMENT'S MOTION IN LIMINE

THIS MATTER is before the Court on the Government's Motion in *Limine* to exclude evidence and argument regarding whether Defendant intended or had the ability to carry out his threats, filed April 30, 2019 **(Doc. 29).**

The Government seeks to keep out any evidence that Defendant did not intend or have the ability to carry out the threats as irrelevant pursuant to FRE 401 and 402. The Government's position on its face has some merit. The Tenth Circuit Criminal Pattern Jury Instruction § 2.37.1 specifically provides: "It is not necessary that the Defendant intended to or had the ability to carry out the threat." This is a recitation of Tenth Circuit law, which provide the same. *United States v. Wheeler*, 776 F.3d 736, 743 (10th Cir. 2015); *United States v. Heineman*, 767 F.3d 970, 975 (10th Cir. 2014).

However, Defendant argues that *evidence* that Defendant intended or had the ability to carry out the threats is relevant, because it may bear on the requisite *mens rea*. The Court agrees.

The Tenth Circuit Pattern Jury Instruction § 2.37.1 requires, in part, that the Government prove that "defendant transmitted the communication with the intent to make a threat, or with

knowledge that the communications will be viewed as a threat." The Pattern Instruction defines "threat" as a "a serious statement expressing intent to instill fear, which, under the circumstances, would cause apprehension in a reasonable person, as distinguished from mere political argument, idle talk, exaggeration, or something said in a joking manner. It is not necessary that the defendant intended to or had the ability to carry out the threat."

Under Tenth Circuit law, the Government has to prove both objective and subjective intent. First, Defendant's statements must objectively be a "true threat." "[T]he statement itself must be one that a reasonable person in the circumstances would understand 'as a declaration of intention, purpose, design, goal, or determination to inflict [bodily injury] on another." *Heineman,* 767 F.3d at 972, *quoted in United States v. Wheeler*, 776 F.3d 736, 743 (10th Cir. 2015). This determination requires "a fact-intensive inquiry, in which the language, the context in which the statements are made, as well as the recipients' responses are all relevant." *Nielander v. Bd. of Cnty. Comm'rs,* 582 F.3d 1155, 1167–68 (10th Cir.2009), *quoted in United States v. Wheeler*, 776 F.3d 736, 743 (10th Cir. 2015); *see also Magleby,* 241 F.3d at 1311 (the "reaction of the recipient of the alleged threat" is relevant in determining whether a reasonable person would interpret a statement to be a threat); s*ee also United States v. Dillard*, 795 F.3d 1191, 1201 (10th Cir. 2015) (a statement is a true threat "so long as a reasonable recipient could conclude, based on the language of the communication and the context in which it is delivered, that this was in fact a veiled threat of violence by the defendant").

Additionally, the Government must show that Defendant had the subjective intent to make a threat or with knowledge that the communication will be viewed as a threat. *Tenth Circuit Pattern Jury Instructions* § 2.37.1; *United States v. Wheeler*, 776 F.3d 736, 743 (10th

Cir. 2015).  In other words, the Government must show that Defendant wanted others to believe that he intends to act violently or that Defendant issued a threat with the intent of placing the victim in fear of bodily harm or death.  *United States v. Heineman*, 767 F.3d 970, 978 (10th Cir. 2014).

The Tenth Circuit has concluded that evidence of intent or ability to carry out the threat may be relevant to whether Defendant communicated a "true threat".  *United States v. Stevens*, 881 F.3d 1249, 1256 (10th Cir.), *cert. denied*, 139 S. Ct. 353, 202 L. Ed. 2d 249 (2018) ("Although we may consider the speaker's apparent intention or ability to carry out the threat in determining whether the communication was a true threat…").  Therefore, the Court is not prepared to exclude all evidence of intent or ability to carry out the threat, as it may be relevant to the requisite *mens rea*.

**IT IS THEREFORE ORDERED** that the Government's Motion is **DENIED.**


_____
CHIEF UNITED STATES DISTRICT JUDGE