IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                  No. 1:19-cr-00081 WJ

KENDON GOSSETT,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE INTRODUCTION OF CRIMINAL HISTORY

THIS MATTER is before the Court on the Defendant's Motion in *Limine* to exclude the introduction of his criminal history, filed April 27, 2019 **(Doc. 26).**[1] Defendant seeks to exclude evidence of his criminal history pursuant to Fed. R. Evid. 403, 404(b) and 609.

Specifically, Defendant seeks to exclude the following arrests: "terrorist threat and harassment on May 29, 2014; a criminal trespass on July 17, 2015; and a resisting arrest search or transport on September 6, 2016." **Doc. 26, p. 1.** The Government filed a notice of intent to introduce FRE 404(b) evidence, in which they seek to introduce a 2013 arrest for harassment and terroristic threat. In that case, Defendant allegedly called a woman and told her was going to slice and kill her brother. Defendant allegedly hung up and called back, stating that he "was going to kill him and murder his whole family." The charges were dismissed.

Initially, it appears that Fed. R. Evid. 609 is not a basis to admit impeachment evidence of the arrests, because these are mere arrests and not convictions, and Defendant was a juvenile. The comments to Fed. R. Evid. 609 express a general policy of excluding juvenile adjudications. Fed.

---

[1] The Government also filed a Notice of Intent to Introduce Evidence Pursuant to Rule 404(b) on April 30, 2019 **(Doc. 30).** Defendant objected. **Doc. 35.**

R. Evid. 609(d) notes, *citing Cotton v. United States*, 355 F.2d 480, 482 (10th Cir. 1966); *See also United States v. Wilson*, 244 F.3d 1208, 1217 (10th Cir. 2001), *as corrected on reh'g* (May 10, 2001) ("We agree that questions based upon past arrests are not properly within the scope of this rule. Rule 609 refers specifically to convictions, and one may not extrapolate from convictions to other situations such as arrests.").

    A.    **<u>Fed. R. Evid. 404(b).</u>**

However, the Government argues this evidence is nevertheless admissible under FRE 404(b). Under Fed. R. Evid. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." FRE 404(b). Such evidence may be admitted, however, to establish motive, intent, knowledge, preparation, plan, identity, and absence of mistake or accident. *Id.*

"The list of proper purposes is illustrative, not exhaustive, and Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *United States v. Brooks*, 736 F.3d 921, 939 (10th Cir. 2013) (quoting *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001)). The Tenth Circuit has set forth a four-part inquiry governing the admissibility of proffered 404(b) evidence:

> In determining whether a prior conviction was properly admitted, we conduct a four-part inquiry, ensuring that (1) the evidence was offered for a proper purpose under Rule 404(b); (2) the evidence was relevant under Rule 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the district court, upon request, instructed the jury to consider the evidence only for the purpose for which it was admitted.

*Id.* (citing *United States v. Davis*, 636 F.3d 1281, 1297 (10th Cir. 2011)).

Initially, the Government has not stated it seeks to admit evidence of the 2015 arrest for criminal trespass or the 2016 arrest for resisting arrest. At this time, the Government has not made

2

a showing that these arrests are admissible for a proper purpose, and the Court agrees that these arrests should be excluded.

However, the Government argues that the prior threats are admissible for a proper purpose, because they go to intent or motive. The Government argues that these prior threats tend to establish that the threats he made in this case on Facebook were "planned and intended to be viewed as threatening, made knowingly and not by mistake, and to demonstrate defendant's motive in frightening people by threatening harm to others." **Doc. 30, p.4.**

"Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston v. U.S.*, 485 U.S. 681, 685 (1988). The Court agrees that these prior threats are offered for a proper purpose under FRE 404(b).

Moreover, the Court agrees that prior uncharged threats may be probative of motive, intent, and knowledge pursuant to FRE 401. *See, e.g., United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (prior bank robbery probative of intent and motive in subsequent bank robbery).

**B.** **Fed. R. Evid. 403 Balancing Test.**

However, Defendant argues that introducing a prior juvenile arrest for threats is unfairly prejudicial under FRE 403. FRE 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In the Rule 403 context . . . "evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its

3

judgment as to his guilt or innocence of the crime charged." *United States v. Rodriguez,* 192 F.3d 946, 951 (10th Cir.1999). "Even if this type of prejudice is found, it must substantially outweigh the probative value of the evidence in order to be excluded under Rule 403." *U.S. v. Tan*, 254 F.3d 1204, 1211-12 (10th Cir. 2001) (internal quotations and citations omitted).

The Court acknowledges that these prior threats may be probative of Defendant's intent to make others afraid of bodily injury or death. The apparent five years between the threats, as well as the fact that Defendant was a juvenile while he made these prior threats, tends to lessen the probative value.

However, evidence of an arrest can be highly prejudicial. *See United States v. Wilson*, 244 F.3d 1208, 1217 (10th Cir. 2001), *as corrected on reh'g* (May 10, 2001). The Court finds this especially so when it is a juvenile arrest, which is completely excluded for admission against defendants under FRE 609(d). Therefore, the Court finds that the admission of the juvenile arrests here would be unfairly prejudicial. Moreover, the Court is reticent to allow the Government to side-step FRE 609(d) which prohibits the introduction of juvenile arrests or adjudications against defendants. *Wilson,* 244 F.3d at 1218 ("It makes sense to restrict use of arrest testimony under Rule 404, since Rule 609 was enacted to curb the potentially prejudicial use of conviction evidence, and arrests receive more protection than convictions."); *see also Jordan v. City of Chicago*, No. 08 C 6902, 2011 WL 6119147, at *1 (N.D. Ill. Dec. 8, 2011) (excluding evidence of juvenile arrests). At this point, the Court finds that any probative value is substantially outweighed by unfair prejudice. Therefore, the Court excludes any evidence of the 2013 prior threats in the Government's case in chief.

However, if the Government believes that Defendant has opened the door to this evidence after he testifies, and the probative value of the prior threats has increased, the Government may

4

move at trial for permission to inquire into his prior threats in cross-examination. Defendant's testimony may aid the Court in determining the probative value of the prior threats.

Finally, the Court notes the prior 2013 arrest was for "terroristic threats." The Court finds this phrase to be unfairly prejudicial because Defendant could be convicted in this case solely on the basis that as a juvenile he was charged in Texas for "terroristic threats." This unfair prejudice substantially outweighs any probative value. Therefore, should the Court reconsider its ruling after Defendant testifies on direct, under no circumstance may the Government use the phrase "terroristic threat" in argument or introduce that phrase into evidence.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE